UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **TERRENCE LEE** | **CIVIL ACTION NO. 14-92-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **DANNY DRISKEL** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

STATEMENT OF CLAIM

Before the court is a civil action filed by pro se petitioner Terrence Lee ("Petitioner"), pursuant to 28 U.S.C. § 1361.  This complaint was received and filed in this court on January 15, 2014.  Petitioner names Danny Driskel as defendant.

Petitioner seeks a writ of mandamus to order the Louisiana Second Judicial District Court to rule on his petition for writ of habeas corpus filed on December 30, 2013 and to commence his trial and release him from detention.  Mandamus relief is available "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  However, it is well settled that federal courts have no general power to compel action by state officials. See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Haggard v. State of Tennessee, 421 F. 2d 1384,

1386 (6th Cir. 1970). Because Defendants are not federal officers, employees or agencies, this court lacks jurisdiction to issue a writ of mandamus to compel them to perform an alleged duty. See 28 U.S.C. § 1361.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Petitioner is advised that if he seeks to challenge in this court his state court detention, conviction, and/or sentence, he should file a writ of habeas corpus as a separate action on the proper forms. Petitioner is further advised that if seeks to file a complaint that his civil rights were violated, he should file a separate action on the proper forms.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

proposed factual findings and legal conclusions that were accepted by the district court and to which the aforementioned party did not object.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED,** in chambers, in Shreveport, Louisiana, this 8th day of September 2015.

Mark L. Hornsby
U.S. Magistrate Judge